**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02482-CMA

CRAIG DARRELL DANIEL,

    Applicant,

v.

CHARLES A. DANIELS,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) ("the Application") filed *pro se* by Applicant, Craig Darrell Daniel. On January 23, 2014, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed a Response to the Order to Show Cause ("the Response") (Doc. #16) and Mr. Daniel has filed a Reply Brief ("the Reply") (Doc. #17). After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, the Court concludes that the Application should be denied.

**I. BACKGROUND**

Mr. Daniel is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). When he initiated this action, Mr. Daniel was incarcerated at the United States Penitentiary in Florence, Colorado. On May 12, 2014, Mr. Daniel filed a notice of

change of address stating that he had been transferred to the United States Penitentiary Victorville in Adelanto, California.[1]

On May 8, 2008, Mr. Daniel committed the federal offense of Distribution of Cocaine Base in the Form of Crack Cocaine. (Doc. #16-1 at 9).

On August 20, 2008, Mr. Daniel was arrested by state authorities in Los Angeles County, California, for the state charge of first degree burglary. (Doc. #16-1 at 12). On January 15, 2009, he was sentenced in state court to a two-year term of imprisonment. (*Id.*). The state sentencing court ordered that Mr. Daniel receive 222 days of credit for time served, which included 148 actual days and 74 local conduct credit for the time Mr. Daniel spent in presentence custody of state authorities from August 20, 2008 through January 14, 2009. (*Id.* at 12, 15).

On or about March 24, 2009, Mr. Daniel was temporarily transferred from state custody to federal custody pursuant to a writ. (Doc. #16-1 at 17, 21).

On October 3, 2009, while in temporary federal custody, Mr. Daniel was released by state authorities, via parole, to the exclusive custody of federal authorities. (Doc. # 16-1 at 17, 27).

---

[1] Although, Mr. Daniel is now housed in California, he was incarcerated at the United States Penitentiary in Florence, Colorado at the time he filed his § 2241 application. This Court is, therefore, the appropriate jurisdiction and venue in which to bring the § 2241 application. *See* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining that § 2241 petition is properly filed in the district where the prisoner is confined at the time of the filing).

On January 24, 2011, Mr. Daniel was sentenced in the United States District Court for the Central District of California to a 78-month term of imprisonment for the federal cocaine offense. (Doc. # 16-1 at 9, 18; Doc. #1 at 13). He has a projected release date of July 31, 2015, via good conduct time release. (Doc. # 16-1 at 27).

Mr. Daniel contends that the BOP has miscalculated his federal sentence because the BOP failed to credit 193 days of prior custody credit for the March 24, 2009 to October 3, 2009 period that Mr. Daniel spent in temporary federal custody pursuant to the writ. (Doc. # 1 at 3). Respondent argues that Mr. Daniel's request for prior custody credit is improper because Mr. Daniel has received credit for this time period against his state sentence and therefore is ineligible for prior custody credit under 18 U.S.C. § 3585(b). (*See* Doc. # 16 at 4-5). Mr. Daniel asserts in his Reply that this Court has "the power and discretion to grant the petitioner the 193 days from March 24, 2009 to October 3, 2009 that the Bureau of Prisons refuses to grant the petitioner." (Doc. # 17 at 1).

## II. STANDARDS OF REVIEW

The fundamental purpose of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Daniel "is in custody in violation of the Constitution or laws or

3

treaties of the United States." 28 U.S.C. § 2241(c)(3). A challenge to the calculation of a federal prison sentence is properly brought under 28 U.S.C. § 2241. *See Bloomgren v. Belaski,* 948 F.2d 688 (10th Cir. 1991).

The Court must construe Mr. Daniel's claims and arguments liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

### III. DISCUSSION

Computation of a federal prison sentence is governed by 18 U.S.C. § 3585. That statute provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. *See also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (computation of a federal sentence requires consideration of two separate issues:

(1) the commencement date of the federal sentence, and (2) the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence). The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that federal sentencing court is not authorized to award or compute credit at sentencing).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that prior time spent in custody cannot be credited toward a federal sentence if it was used to satisfy another sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. *See Wilson,* 503 U.S. at 337.

Mr. Daniel does not challenge the BOP's determination that his federal sentence commenced on the date he was sentenced, January 24, 2011. Nor does Mr. Daniel dispute that he received credit against his federal sentence from October 3, 2009—the day he was paroled by California state authorities until January 24, 2011— the date of his federal sentencing. (Doc. # 1 at 3). Mr. Daniel, however, argues that he is entitled to 193 days of credit against his federal sentence for the March 24, 2009 to October 3, 2009 period when he was in federal custody pursuant to a writ. Respondent contends

that an award of prior custody credit for this time period is prohibited because it would constitute double credit contrary to the provisions of 18 U.S.C. § 3585(b).

As stated above, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . that has not been credited against another sentence." 18 U.S.C. § 3585(b).  Congress, however, "made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *See Wilson*, 503 U.S. at 337; *see also Weekes v. Fleming,* 301 F.3d 1175, 1178 (10th Cir. 2002) (finding that federal prisoner not entitled to receive credit for the time served prior to commencement of his federal sentence where prisoner received credit against his state sentence for that same period of time).

In the Application, Mr. Daniel contends that he did not receive credit against his state sentence for the time he spent in federal custody pursuant to the writ.  (*See* Doc. # 1 at 3).  While federal authorities temporarily borrowed Mr. Daniel pursuant to a writ from March 24, 2009 through October 3, 2009, Mr. Daniel was serving his two-year state sentence during this time period and merely "on loan" from state to federal custody.  *See e.g., Weekes,* 301 F.3d at 1181 (use of writ of *habeas corpus ad prosequendum* indicates that federal government acknowledges that state has primary custody of defendant).  Mr. Daniel's conclusory assertion that he did not receive credit against his state sentence for this period of 193 days is not supported by any evidence in the record.  Rather, the record indicates that the California state court sentenced

Mr. Daniel to a two-year term of imprisonment on January 15, 2009; that he received 148 actual days as credit for time spent in presentence custody of state authorities; and that the two-term sentence ended on October 3, 2009, when Mr. Daniel was paroled by state authorities. (*See* Doc. # 16-1 at 12, 15, 17, 27). Therefore, Mr. Daniel served approximately fourteen months of his state prison term before being paroled on October 3, 2009. Accordingly, Mr. Daniel apparently received credit against his state sentence for time served under the federal writ from March 24, 2009 until October 3, 2009. Because of the statutory prohibition on double sentencing credit, Mr. Daniel is not eligible for credit toward his federal sentence for the time he spent under the writ when that time was applied against hist state sentence. *See Weekes,* 301 F.3d at 1178.

## IV. **CONCLUSION**

In summary, the Court finds that Mr. Daniel has failed to demonstrate that the BOP incorrectly calculated his federal sentence by refusing to award 193 days of prior custody credit. Therefore, Mr. Daniel is not entitled to federal habeas relief from this Court. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is DENIED and this action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to

proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED:  June   17  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge